◼ In the Matter of SADIE WAKS, Respondent, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant.— Order entered April 8, 1969, affirmed, with $30 costs and disbursements. The evidence sustains the determination of the trial court in petitioner's favor of the issues (1) whether a ".hit and run" situation was involved and (2) whether a timely report of such occurrence was made to the proper authorities. The petitioner established a prima facie case and it is noted that MVAIC rested at the close of petitioner's case without offering any proofs. We have not been furnished with the benefit of such investigation it may have made concerning the circumstances surrounding the accident. In any event, there is proper support for the trial court's findings and conclusions, including its conclusion that " petitioner has used due diligence in trying to ascertain whether a named tort-feasor can be identified and has therefore complied with the requirements of section 618 of the Insurance Law." We reject as unsupported by the record the version and conclusions set forth in the dissenting opinion. Concur — Stevens, P. J., Eager, Tilzer and Nunez, JJ.; Steuer, J., dissents in the following memorandum: Defendant appeals from an order of Trial Term granting petitioner leave to sue defendant MVAIC. The facts were that on March 28, 1966, petitioner, a pedestrian, was struck by an automobile. The driver gave her certain infor-

mation in writing on a piece of paper. She claims that this information was false and that she notified the police as soon as reasonably possible after the discovery of the falsity. Section 618 (subd. [a], par. [5]) of the Insurance Law makes it a condition of obtaining such permission that "all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator thereof and either that the identity of the motor vehicle and the owner and operator thereof cannot be established, or that the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established". The proof in that regard failed completely. The slip of paper given by the driver gave his name, his address, the license plate number of the car and a telephone number. No one testified what the driver said with regard to any of these — whether he was the owner or whether the telephone number was his or the owner's, both of which would be most pertinent. No one investigating the case ever called the telephone number given. It is true that no one of the name given was found at the address given, and it was testified that the name was not found in the telephone book. As to the license, the petitioner's son, who conducted the investigation, "thinks" he asked the police and that they gave him the address of the registrant and possibly the name. He believes he went to the address, but he is not sure, and he is even less sure of what he found there. There is absolutely no proof that the car involved in the accident was not the car registered under the license given or that any effort at all — let alone reasonable — was made to ascertain that fact. The only way, in my opinion, that the findings below could be sustained would be upon the untenable premise that the burden was upon respondent to show that the vehicle was insured rather than upon petitioner to show it was not.